Michelle Labayen (2960)
Law Office of Michelle Labayen PC
One Gateway Center
26th Floor
Newark, NJ 07102
973-622-8180
michelle@bankruptcynyc.com
UNITED STATES BANKRUPTCY COURT
 DISTRICT OF NEW JERSEY

BK Case No.: 15-10525
ADV Case No.:

-------------------------------------------------------

In Re:

Sharoll J. Rocca

        Plaintiff

V.

Allied Interstate LLC, Sprint Corporation
Calello Agency

        Defendants

COMPLAINT FOR VIOLATION
OF FAIR DEBT COLLECTION
PRACTICE 15 U.S.C § 1692 AND
AUTOMATIC STAY 11 U.S.C 364

-------------------------------------------------------

The plaintiff SHAROLL J. ROCCA (hereinafter the "plaintiff") by her attorney, Michelle

Labayen of the Law Office of Michelle Labayen PC, as and for her complaint against the

defendants ALLIED INTERNSTATE, Agent for Sprint Corporation hereinafter ("Allied)

SPRINT CORPORATION hereinafter  ('Sprint") and CALELLO AGENCY hereinafter

("Calello") alleges as follows upon

information and belief:

PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages and statutory attorney's

   fees brought pursuant to Rule 7001(1) for violation of 11. U.S.C § 362; 15 U.S.C §

   1692 *et seq* ("Fair Debt Collection Practice Act" or "FDCPA") and the New Jersey

   Fair Debt Collection Practice (N.J.S. 12A 3-104 *et seq*).

1

2. Allied  violated the Federal and NJ State FDCPA with continual contacts with Defendant after it knows that the plaintiff/debtor to be represented by an attorney in violation of 15 U.S.C 1692(c) (a) (2).

3. Allied violated 11 U.S.C 362(a)(6) by attempts to collect, assess, or recover a claim against the debtor that arose before the commencement of the case.

4. Sprint violated 11 U.S.C 362(a)(6) by attempt to collect, assess, or recover a claim against the debtor that arose before the commencement of the case.

5. Calello Agency violated 11 U.S.C 362 (a)(1) and (6) with the commencement or continuation including the issuance employment process of judicial, administrative or other action to proceed against the debtor.

6. Allied willfully violated various provisions of the FDCPA and the Automatic Stay to which plaintiff is entitled to an award of punitive damages pursuant to the 15 U.S.C 1692(k) and 11 U.S.C 362(h).

7. Sprint willfully violated 11 U.S.C 362(a)(6) of the Automatic stay with attempts to collect a debt.

8. Calello Agency willfully violated 11 U.S.C 362 (a)(1) and (6) with the continued process and threats of eviction.

9. The plaintiff further alleges that as a direct and proximate result of the defendants' actions, conducts, omissions, she suffered actual damages and cost including but not limited to physical stress, sleeplessness, emotional stress, embarrassment, loss of appetite, strained personal relations, damage to his reputation, annoyance, aggravation and unprecedented frustration.

JURISDCTION AND VENUE

10. Jurisdiction is found on 28 U.S.C § 1331 pursuant to the Fair Debt Collection Practice Act (FDCPA), 15 U.S.C § 1692.  This Court has jurisdiction over this proceeding pursuant to 11 U.S.C §§1334 (b) and 157(b) (2) (C) to the Automatic Stay. This Court has supplemental jurisdiction over the state law claims asserted herein under 28 U.S.C §1367(a).  Venue is properly laid pursuant to 28 U.S.C §1391(b).

PARTIES

11. The plaintiff is an adult resident of the State of New Jersey, County of Essex.

12. The plaintiff is a "consumer" within the meaning of the FDCPA 15 U.S.C §1692(a)(3)

13. Sprint is a Corporation duly authorized and qualified to do business in the state of New Jersey with its headquarters located at 6200 Sprint Parkway, Overland Park KS 66251.

14. On information and belief, Allied Interstate LLC is allegedly authorized to do business in the State of New Jersey with its headquarters located at 7525 West Campus Road, New Albany OH 43045.

15. Allied is a "debt collector" within the meaning of the FDCPA 15 U.S.C §1692(6)(D) and N.J.S. 12A 3-103

16. Calello Agency   is a New Jersey Corporation duly authorized and qualified to do business in New Jersey with its principal place of business located at 421 Bloomfield Avenue, Newark NJ 07101.

17. Calello Agency is a "creditor" within the meaning of the FDCPA 15 U.S.C 1692(a) (4) and N.J.S. 12A 3-104.

FACTUAL BACKGROUND

*i. FACTS PERTAINING TO CALLELO AGENCY*

1.  The debtor has a lease for her apartment at 383 Clifton Avenue, R 12, and Newark, NJ 07104.

2.  The debtor became unemployed and fell behind on her monthly lease payments.

3.  On November 14, 2014, Calello Agency filed a Summons against the Debtor (Exhibit A).

4.  The debtor attempted to make payments however the full amount was not current for the alleged amount of $2,534.

5.  A hearing was scheduled for January 14, 2015 at 465 Martin Luther King Blvd in regards default and eviction proceedings.

6.  On January 12, 2015, the Debtor filed bankruptcy and included all unsecured and secured creditors including Calello Agency in care of Abraham Kinstlinger (Exhibit A).

7.  On January 13, 2015, Additional verbal notice was provided to Ms. Blanca Velez the Property Manager for Calello Agency via a telephone call.

8.  On January 13, 2015, Counsel for the Debtor, spoke with Abraham Kintslinger, counsel for Calello Agency to inform him of the bankruptcy filing and  proof was provided of the debtor's filing.

9.  On January 14, 2015, The court provided notice of the debtors' bankruptcy filing without any bypassed recipients (Exhibit B).

10. On January 15, 2015 Blanca Velez, Property Manager for Calello Agency completed a certification by landlord in regards to eviction proceedings. (Exhibit C )

11. On January 15, 2015, Ms. Blanca Velez, on behalf of Calello Agency,  submitted a letter, sent certified to my client, and the Essex Special Civil Part requesting Default  to be entered and requested a Warrant of Removal. (Exhibit C).

12. On information and belief no warrant was in fact issued, however the Default Judgment was issued on January 14, 2015.

13. On February 12, 2015, Ms. Blanca Velez, on behalf of Calello Agency, sent a letter to the Debtor which demanded the debtor to sign a new lease and provided that " Should we not receive the sign the lease, we will be obligated to legally notify you to vacate your apartment." (Exhibit D).

14. The debtor provided in her Intentions to NOT assume the lease, however the debtor believed that she either had to assume the lease, sign a new contract or be evicted from her home.

15. The debtor incurred actual damages and emotional damages not limited to stress, anxiety, frustration and humiliation.

### ii. FACT TO ALLIED INSTERSTATE LLC

18. On January 12, 2015, The Plaintiff filed for Chapter 7 Protection. (ECF 1).

19. The Debtor listed all of her secured and unsecured creditors including Allied Insterstate LLC .

20. The court provided notice of the debtors' bankruptcy filing on January 14, 2015 without any bypassed recipients

21. On January 27, 2015, Allied sent  a letter requesting payment towards Sprint account No. xxxx2774 and xxxx3312.  The letter stated that " Payment of settlement amount does not make you eligible for reinstatement of the Sprint Services. To be eligible for service your entire balance must be paid.

22. The letter failed to provide the bankruptcy notice to the debt  and indicted that payment via

credit card was acceptable.

23. The debtor incurred actual damages and emotional damage such as anxiety, stress,

frustration and humiliation.

*FACTS PERTAINING TO SPRINT CORPORATION*

*16.* On or about  January 12, 2015, The Plaintiff filed for Chapter 7 Protection. (ECF 1).

17. The Debtor listed  all of her secured and  unsecured creditors including Sprint.

18. The court provided notice of the debtors' bankruptcy filing on January 14, 2015

without any bypassed recipients.

19. Sprint instructed Allied Interstate LLC to send a letter to the Debtor requesting payment of a
prior debt owed.

20. The letter failed to provide the bankruptcy notice of not being responsible for the debt as

required by FDCPA

21. The debtors incurred actual damages and emotional damage such as anxiety, stress,

frustration and humiliation.

22. <u>AS AND FOR THE FIRST CAUSE OF ACTION AGAINST CALELLO AGENCY</u>

23. The plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted

and re-alleged herein.

24. Defendant violated 11 U.S.C § 362 (1)(1) with the continuation of a judicial, administrative

or other action against the debtor with the request for the Default Judgment .

25.  Defendant   is liable to the plaintiff for the actual damages she has sustained by reason of its

violation of the Automatic Stay , in an amount to be determined by the Trier of fact, together

but not limited to statutory, exemplary and punitive damages, out of pocket expenses, cost

and time of repairing credit, pain, suffering, embarrassment, inconvenience, loss of incidental time, frustration, emotional duress, mental anguish, fear of personal and financial safety, security, attorney fees, and court cost and other assessments proper by law and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

### AS AND FOR THE SECOND CAUSE OF ACTION AGAINST CALELLO AGENCEY

26. The plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

27. Defendant violated 11 U.S.C 362 (a)(6) any act to collect, assess or recovery a claim against the debtor.

28. Defendant   is liable to the plaintiff for the actual damages she has sustained by reason of its violation of the Automatic Stay  in an amount to be determined by the Trier of fact, together but not limited to statutory, exemplary and punitive damages, out of pocket expenses, cost and time of repairing credit, pain, suffering, embarrassment, inconvenience, loss of incidental time, frustration, emotional duress, mental anguish, fear of personal and financial safety, security, attorney fees, and court cost and other assessments proper by law and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

### AS AND FOR THE FIRST CAUSE OF ACTION AGAINST SPRINT

29. The plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein

30. Sprint violated 11 U.S.C 361(a) (6) with any act to collect, assess or recover a claim against the debtor.

31. Sprint is liable to the plaintiff for the actual damages she has sustained by reason of its violation of the Federal and State FDCPA, in an amount to be determined by the Trier of fact, together   but not limited to statutory, exemplary and punitive damages, out of pocket expenses, cost and time of repairing credit, pain, suffering, embarrassment, inconvenience, loss of incidental time, frustration, emotional duress, mental anguish, fear of personal and financial safety, security, attorney fees, and court cost and other assessments proper by law and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

32. <u>AS AND FOR THE FIRST CAUSE OF ACTION AGAINST ALLIED INTERSTATE</u>

33. The plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

34. Defendant violated 15 U.S.C § 1692(c) (a) (2) the Federal and NJ State FDCPA with continual contacts with Defendant after it knows that the consumer to be represented by an attorney in violation of 15 U.S.C 1692(c) (a) (2).

35.  Defendant  is liable to the plaintiff for the actual damages she has sustained by reason of its violation of the Federal and State FDCPA , in an amount to be determined by the Trier of fact, together   but not limited to statutory, exemplary and punitive damages, out of pocket expenses, cost and time of repairing credit, pain, suffering, embarrassment, inconvenience, loss of incidental time, frustration, emotional duress, mental anguish, fear of personal and financial safety, security, attorney fees, and court cost and other assessments proper by law

and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

AS AND FOR THE SECOND CAUSE OF ACTION AGAINST ALLIED INTERASTATE

36. The Defendant violated 11 U.S.C 362(a) (6) with the continuation to  collect , assess or recovery a claim against the debtor.

37. Defendant  is liable to the plaintiff for the actual damages she has sustained by reason of its violation of the automatic stay, in an amount to be determined by the Trier of fact, together but not limited to statutory, exemplary and punitive damages, out of pocket expenses, cost and time of repairing credit, pain, suffering, embarrassment, inconvenience, loss of incidental time, frustration, emotional duress, mental anguish, fear of personal and financial safety, security, attorney fees, and court cost and other assessments proper by law and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

WHEREFORE, the plaintiff, SHAROLL ROCCA, respectfully demands judgment against CALELLO AGENCY, SPRINT CORPORATION AND ALLIED INTERSTATE as follows:

    a.  Declaratory judgment that Defendants conducted violated the FDCPA;

    b.  All actual compensatory damages suffered pursuant to 15 U.S.C§1692k(a)(1);

    c.  Statutory damages of $1,000 for each violation of the FDCPA pursuant to 15 U.S.C §1692k(a)(2)(A);

    d.  Penalties of not more than $10,000 for the first offense and $20,000 for the second offense pursuant to N.J.S C.56:8-1 et seq.);

e.  All reasonable attorneys fees, witness fees, court costs and other litigation

costs incurred by Plaintiff pursuant to 15 U.S.C §1692k(a)(3) and 11 U.S.C

§362(h).

f.  Any other relief deemed appropriate by this Honorable Court

February 27, 2015
Newark, New Jersey                                      /s/ Michelle Labayen, 2960
.                                                       Law office of Michelle Labayen
                                                        One Gateway Center, 26th Floor
                                                        Newark, NJ 07102
                                                        973-622-8180

10

11